IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| REYCO GRANNING LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-3247-CV-S-ODS |
| ) | |
| INTERNATIONAL BROTHERHOOD ) | |
| OF TEAMSTERS, LOCAL UNION ) | |
| NO. 245, ) | |
| ) | |
| Defendant. ) | |

<u>ORDER AND OPINION (1) DENYING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT, (2) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND (3) CONFIRMING ARBITRATOR'S DECISION AND AWARD</u>

This case involves judicial review of an Arbitrator's decision and award, and pending are cross-motions for relief. Plaintiff seeks an order setting aside the Arbitrator's decision, while Defendant seeks an order confirming the decision. For the following reasons, Plaintiff's motion (Doc. # 12) is denied, Defendant's motion (Doc. # 14) is granted, and the Arbitrator's decision is confirmed.

I. <u>BACKGROUND</u>

The parties are signatories to a collective bargaining agreement ("CBA"). At issue is the interpretation of Article XII, section 3, which addresses eligibility for holiday pay. This provision states as follows:

> To be eligible for holiday pay, an employee . . . must have worked a minimum of eight (8) hours on the last regularly scheduled workday of the Company prior to the holiday, and worked a minimum of eight (8) hours on the first regular scheduled workday of the Company after the holiday. Exception may be made if an employee is tardy arriving to work less than sixty (60) minutes, and will be made if an employee is unable to work on these days due to an illness or injury. Illness or injury must be verified by a physician.

Tiffini DePalma, an employee in Plaintiff's paint department, experienced a flat tire on her last regularly scheduled workday before Christmas in 2011, causing her to arrive to work forty-five minutes late. As a result, she did not work a full eight hours on that day. DePalma sought an exception, but Plaintiff refused. In the arbitration, Plaintiff explained that in its view DePalma's attendance record did not justify granting an exception.

The parties focus – as they did during the arbitration on the provision that "[e]xception may be made," and more particularly on the meaning of the word "may." The evidence presented to the Arbitrator included notes from the negotiations that culminated with the CBA's execution. With respect to this particular issue, those notes reflect that Plaintiff was concerned about people leaving work early on the day before a holiday, while Defendant was concerned about its members losing holiday pay due to unexpected events, such as late arrivals due to car trouble. Testimony from a member of Defendant's bargaining team confirmed these views, and further established that Defendant would not have agreed to a provision permitting Plaintiff to deny such an exception based on the employment's past record. Plaintiff's representative testified that the exception provision was not understood to be automatic, but it was his understanding that an exception would be granted for employees who experienced car trouble.

The Arbitrator held that the use of the word "may" indicated Defendant "has some discretion in the granting of an exception for tardiness on the days before and after the holiday in reaching a decision on the denial of holiday pay" and that the granting of such an exception is not mandatory. However, this discretion is not unlimited: based on the parties' negotiation history, the Arbitrator further found that parties meant for exceptions to be extended "for vehicle mechanical trouble, oversleeping, or car wrecks."

Based on the course of negotiations the Arbitrator held that Plaintiff's discretion was not completely unfettered. He determined that "an employee who is tardy on the day before or after a holiday has the burden to provide some evidence of circumstances beyond his/her control or extenuating circumstances in regard to the tardiness of less than 60 minutes or else the Company has the discretion to deny holiday pay." DePalma

2

Case 6:12-cv-03247-ODS   Document 22   Filed 12/06/12   Page 2 of 5

satisfied this burden, so the Arbitrator directed that she be paid for the 2011 Christmas holiday.

## II.   DISCUSSION

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See generally Williams v. City of St. Louis, 783 F.2d 114, 115 (8th Cir. 1986).  "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Wierman v. Casey's Gen. Stores, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). In applying this standard, the Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588-89 (1986); Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).  However, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the . . . pleadings, but    . . . by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

The court must give "an extraordinary level of deference" to an underlying arbitral award.  Boise Cascade Corp. v. Paper Allied-Indus., Chemical and Energy Workers, 309 F.3d 1075, 1080 (8th Cir. 2002).  Specifically, courts are not allowed to reconsider the merits of an award, "even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract."  Bureau of Engraving, Inc. v. Graphic Communication Int'l Union, 284 F.3d 821, 824 (8th Cir. 2002) (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987)).  Therefore, the award must be upheld so "long as the arbitrator is even arguably construing or applying the

3

contract and acting within the scope of his authority." Id. (quoting Misco, 484 U.S. at 38); see also Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001).

On the other hand, an arbitrator's authority is not unlimited. Missouri River Servs., Inc. v. Omaha Tribe of Nebraska, 267 F.3d 848, 855 (8th Cir. 2001). An award must be vacated if it is "completely irrational," Hoffman v. Cargill Inc., 236 F.3d 458, 461 (8th Cir. 2001), and the arbitrator is not permitted to impose his sense of "industrial justice." Breckingridge O'Fallon, Inc. v. Teamsters Union Local No. 682, 664 F.3d 1230, 1233-34 (8th Cir. 2012). "An award is 'irrational where it fails to draw its essence from the agreement.' " Boise Cascade Corp., 309 F.3d at 1080. The award "draws its essence from the parties' agreement as long as it is derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention." Id. (internal quotations omitted). "The arbitrator may not ignore the plain language of the contract; but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract." Misco, 484 U.S. at 38.

Plaintiff argues the Arbitrator correctly ruled that it has the discretion to grant or deny exceptions to the attendance/holiday pay policy, but then imposed his own sense of industrial justice (in violation of both the law and the CBA) by establishing guidelines for Plaintiff's exercise of discretion. This mischaracterizes the Arbitrator's decision. In reality, the Arbitrator held that "may" did not bestow unfettered discretion, but rather that Plaintiff's discretion was guided or limited. The Arbitrator did not reach this decision based on his personal sense of industrial justice. Instead, this decision was based on the course of negotiations between the parties, and the evidence presented to the Arbitrator supported his interpretation.

In construing the extent of Plaintiff's discretion the Arbitrator interpreted the CBA in light of its language, context, and other indicia of the parties' intent. Therefore, his decision is drawn from the essence of the CBA, and the Court is not empowered to second-guess the Arbitrator's decision.

4

## III. CONCLUSION

The Arbitrator's decision is confirmed.

IT IS SO ORDERED.

DATE: December 6, 2012

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT